UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. FRANKLIN, Sr., CDCR #AX-7039,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM; JERRY BROWN, Jr.; DONALD TRUMP; PENCE,<br><br>Defendants. | Case No.: 3:21-cv-01645-GPC-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Eric D. Franklin, Sr., currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl." at 1.) While far from clear, it appears Franklin seeks to sue the current and former Governors of the State of California and the former President and Vice President of the United States for abusing their authority and for "ignor[ing], disobey[ing], [and] endors[ing] court orders" he claims require his release from state custody. (*Id.* at 2, 5, 7, 9–10.)

Franklin did not pay fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). In addition, Franklin has since filed a series of incomprehensible motions, documents, exhibits, and seemingly random portions of his state superior and appellate court records, (*see* ECF Nos. 6, 9, 15), including a "Motion for the U.S. District Court to Set Mandatory Settlement Conference due to ID Theft, PC 87 Fraud, False Arrest & Imprisonment" (ECF No. 11), and a "Motion for the United States District Court to Enforce Filed Court Ordered Dismissals" (ECF No. 13).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Franklin has requested, and the California Department of Corrections and Rehabilitation ("CDCR") has provided, a Prison Certificate and Inmate Statement Reports authorized by a RJD Accounting Officer.  (*See* ECF No. 3 at 1, 3–4.) *See also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  These documents show Franklin has been transferred back and forth between Salinas Valley State Prison ("SVSP"), California State Prison Lancaster ("LAC"), and RJD during the six months prior to filing suit, but had an average monthly balance of $233.34, average monthly deposits of $233.59, and an available balance of $1400.04 in his account at the time he filed suit from RJD.  (*See* ECF No. 3 at 1, 3.)

Therefore, the Court **GRANTS** Franklin's Motion to Proceed IFP (ECF No. 2), and assesses an initial filing fee of $46.71 pursuant to 28 U.S.C. § 1915(b)(1).  However, this initial fee need be collected only if sufficient funds are available in Franklin's account at the time this Order is executed.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").  The remaining balance of the $350

total fee owed in this case must be collected by the Secretary of the CDCR, or any subsequent agency having custody of Franklin, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

## II.   SCREENING

### A.   Standard of Review

Because Franklin is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1

(9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Allegations

Franklin's Complaint contains no discernible factual allegations. Instead, he merely concludes he has been "false[ly] arrest[ed]" and "false[ly] imprison[ed]" as a result of having been convicted in Imperial County Superior Court Case No. JCF32230 sometime between 2014 or 2015.[2] (*See* Compl. at 3, 4, 10.) The remainder of his Complaint is comprised of random names, dates, and what appear to be subsequent California Court of Appeals and San Diego County Superior Court civil proceedings which he contends amount to "sab[o]tage," obstructions of justice, "ID theft," extortion, money laundering, embezzlement, espionage, treason, libel, slander, and defamation. (*Id.* at 2, 4, 5.)

As best the Court can tell, Franklin appears to fault the current and former Governors of California, as well as the former President and Vice President of the United States, for having "ignored [or] disobeyed" court orders, for having "fail[ed] to uphold

---

[2] Franklin attaches copy of Imperial County Superior Court Minutes in *People v. Franklin*, Case No. JCF32230, and dated March 6, 2014. (*See* Compl. at 10.) The Court's Minute Order shows Franklin was then in custody, charged with one count of violating Cal. Penal Code § 422(A) and one count of violating Cal. Penal Code § 273.6(A), and appeared for a pre-trial conference during which his public defender was relieved and he was temporarily granted permission to represent himself so that he might file a motion to dismiss. (*Id.*) Franklin does not explain further, but it appears the trial judge subsequently denied his request for self-representation pursuant to *Faretta v. California*, 422 U.S. 806 (1975) after reviewing his "fairly incoherent and confusing" motion and determining he was not competent to represent himself. *See People v. Franklin*, 2017 WL 382692, at *1, 3 (Cal. Ct. App. 4th Dist., Div. 1, Jan. 27, 2017) (D068891) (unpub.). Franklin was eventually convicted of criminally threatening his estranged wife and violating a protective order in July 2015, and his judgment of conviction was affirmed on direct appeal, but two one-year enhancements were vacated, and his case was remanded to the Imperial County Superior Court for resentencing. *Id.* at *4. At resentencing, however, the trial court erroneously resentenced Franklin "without holding a competency hearing despite substantial evidence suggesting he was not competent to be sentenced." *See People v. Franklin*, 2018 WL 3385293, at *3 (Cal. Ct. App. 4th Dist., Div. 1, July 12, 2018) (D072570) (unpub.). Therefore, the Court of Appeal vacated Franklin's resentencing order and again remanded for resentencing and for further proceedings, if necessary, "to determine whether [Franklin] [wa]s able to voluntarily and intelligently waive his right to counsel pursuant to *Faretta* and whether he [wa]s competent to proceed without the assistance of counsel." *Id.* at *5.

the Const[itution]," and for "fail[ing] to enforce, [or] endorse[]" writs of mandate and "never releas[ing]" him. (*Id.* at 2, 4.) Franklin seeks injunctive relief demanding the enforcement of an unidentified "4th District Court of Appeals Order," his "immediate release," and $3,010,000,000 in damages.[3] (*Id.* at 7.)

### C. Discussion

Franklin filed suit invoking federal jurisdiction pursuant to 42 U.S.C. § 1983, but "[Section] 1983 'is not itself a source of substantive rights,'" and "merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

The Court finds Franklin's suit is plainly frivolous. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted). A pleading is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of

---

[3] Based on his state court appellate record, *see supra*, n.2, the Court presumes Franklin mistakenly believes that because the Court of Appeal twice remanded his case to the Imperial County Superior Court for *resentencing* as to his prior strike and serious felony enhancements, that the Court of Appeal's opinions require his *release*. They do not. Franklin's judgment of conviction for making a criminal threat in violation of Cal. Penal Code § 422 and disobeying a domestic relations order in violation of Cal. Penal Code § 273.6(a) in Superior Court Case No. JCF32230 was affirmed on direct appeal. *People v. Franklin*, 2017 WL 382692, at *5 (Cal. Ct. App. 4th Dist., Div. 1, Jan. 27, 2017) (D068891) (unpub.). The Court of Appeals did vacate Franklin's subsequent resentencing order, and remanded the case again, but only to afford him the "opportunity to file a *Romero* motion before resentencing." *People v. Franklin*, 2018 WL 3385293, at *5 (Cal. Ct. App. 4th Dist. Div. 1, July 12, 2018) (D072570) (unpub.). *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 530–32 (Cal. 1996) "discusses the trial court's discretion to strike prior felony convictions at a subsequent sentencing." *Id.* at *1, n.2.

the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, Franklin's Complaint, as well as all the supplemental motions and exhibits he has filed in support, are rambling, repetitive, disjointed, and incoherent. (*See* Compl. at 2–6; ECF No. 6 at 1, 6–7; ECF No. 9 at 1–2; ECF No. 11 at 1–2; ECF No. 13 at 1, 3–5; ECF No. 15 at 1, 3.) His Complaint includes an unsubstantiated list of crimes like obstruction of justice, ID theft, money laundering, treason, fraud, and extortion that the Court can only assume he believes have been committed by Governors and the former President and Vice President of the United States, from whom he seeks "a total of $3,010,000,000" in damages. (*See* Compl. at 3.) Indeed, the parties Franklin has chosen to sue, and the lack of any "short and plain statement of the claim showing that [he] is entitled to [any] relief" arguably based on law *or* fact, *see* Fed. R. Civ. P. 8(a)(2); *Neitzke*, 490 U.S. at 325, when taken together with the exorbitant amount of damages he seeks "suggest[] to the Court that this action lacks serious purpose or value." *See Johnson v. Paul,* No. 20-CV-2174-JLS (WVG), 2020 WL 6825673, at *2 (S.D. Cal. Nov. 20, 2020) (dismissing pro se § 1983 complaint seeking to sue the Pope, a U.S. Senator, the Secretary of State, and several Presidents for having committed "human trafficking crimes, Biblical crimes . . . extortion, conspiracies [and] public kidnappings" *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that a complaint fails to comply with Rule 8 if "one

cannot determine … who is being sued, for what relief, and on what theory.").

Thus, because Franklin's pleadings appear grounded on a wholly unfounded and irrational belief that the current and former Governors of California, together with the former President and Vice-President of the United States, have committed unspecified Constitutional violations against him and have personally failed to "endorse" his "immediate release," (*see* Compl. at 7), his case demands *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[4]  *See Iqbal*, 556 U.S. at 676; *Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324; *see also Holger v. Burgess,* No. 3:18-CV-00277-RRB, 2019 WL 12472119, at *3 (D. Alaska Jan. 16, 2019) (dismissing pro se litigant's complaint against various federal judges, government attorneys, the President, and multiple federal agencies as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) where complaint and its "extensive exhibits" revealed "no tangible alleged facts," and only "claims … premised on [plaintiff's] own interpretation of his circumstances [which were] … not based in actual events."); *Abel v. Trump*, No. CV 20-00075 LEK-WRP, 2020 WL 2530310, at *2 (D. Haw. May 18, 2020) (dismissing prisoner's "irrational and wholly incredible" claims that "President Trump personally came to Kauai and withdrew bone marrow from both of his legs" as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A); *Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *Frost v. Vasan,* No. 16-CV-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as

---

[4] In fact, to the extent Franklin also seeks his "immediate release," (*see* Compl. at 7), he may not proceed pursuant to 42 U.S.C. § 1983 at all.  When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983; his sole federal remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489–500 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court); *see also Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment him); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Or. Oct. 8, 2010) (dismissing as frivolous complaint alleging plaintiff was captured by pirates disguised as law enforcement officers); *Reid v. Mabus*, 2015 WL 9855875, at *1 (D. Or. Nov. 16, 2015) (dismissing complaint alleging a massive conspiracy targeting 300,000 individuals with "electronic harassment").

### III.  CONCLUSION AND ORDER

Accordingly, the Court:

1) **GRANTS** Franklin's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2) **ORDERS** the Secretary of the CDCR, or her designee, to collect from Franklin's trust account the $46.71 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Johnson's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  *ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION*;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DISMISSES** Franklin's Complaint *sua sponte* and in its entirety as frivolous

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1);[5]

5) **DENIES** Franklin's Motions for the U.S. District Court to Set Mandatory Settlement Conference and to Enforce Court Ordered Dismissals (ECF Nos. 11, 13) as moot;

6) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

7) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated:  December 7, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] Because Franklin's Complaint qualifies as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.